UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GLORIA J. KNOX, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | CASE NO. 13-CV-67-FHM |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| DEFENDANT. | ) | |

## OPINION AND ORDER

Plaintiff, Gloria J. Knox, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th

---

[1] Plaintiff Gloria J. Knox's applications were denied initially and upon reconsideration. Two hearings before Administrative Law Judge (ALJ) John W. Belcher were held on July 1, 2010 and July 19, 2011. By decision dated October 14, 2011, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on December 12, 2012. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th

Cir. 1994).  Substantial evidence is more than a scintilla, less than a preponderance, and

is such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion.  *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d

842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The

court may neither reweigh the evidence nor substitute its judgment for that of the

Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th

Cir. 1991).  Even if the court would have reached a different conclusion, if supported by

substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health*

*& Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 45 years old on the alleged date of onset of disability and 53 years old

on the date of the ALJ's denial decision.  She has a high school education and completed

2 years of college.  Plaintiff's past work experience includes habilitation training specialist.

Plaintiff claims to have been unable to work since February 1, 2004 due to arthritis and

depression. [R. 199, 205].

## The ALJ's Decision

The ALJ determined that Plaintiff has severe impairments relating to arthritis and

degenerative disc disease of the lumbar spine. [R. 24].  The ALJ determined that Plaintiff

has the residual functional capacity (RFC) to perform  medium exertional work[2]  as defined

---

[2] Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.  If someone can do medium work, we determine that he or she can also do sedentary and light work.  C.F.R. § 404.1567(c).

in 20 CFR 404.1567(c) and 416.967(c).  The ALJ found Plaintiff could perform simple tasks; some moderately complex work; is limited to superficial contact with co-workers or supervisors; and no contact with the general public.  [R. 27].  The ALJ determined at step five that there are a significant number of jobs in the national economy that Plaintiff could perform. [R. 32].  Accordingly, the ALJ found Plaintiff was not disabled.  The case was thus decided at step five of the five-step evaluative sequence for determining a claimant is disabled.  *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that the ALJ: 1) failed to properly evaluate whether Plaintiff met or equaled a pulmonary listing; 2)  failed to properly evaluate the medical source opinions and other source opinion evidence; and 3) failed to perform a proper credibility determination.

## Analysis

### Evaluation of Pulmonary Listing

Plaintiff argues that she meets the listing requirements of listing 3.02 B for chronic restrictive ventilatory disease.  According to Plaintiff, the record contains a forced vital capacity (FVC) test score of 1.44, [R. 473], which proves that she is *per se* disabled. Plaintiff asserts that the ALJ's decision should be reversed because she would have been awarded benefits if the ALJ had properly considered her FVC score in connection with listing 3.02 B.  Plaintiff argues that the ALJ inaccurately found that her shortness of breath failed to meet the one-year durational requirement.  In support, Plaintiff points out that the FVC test was performed in May 2011 and she complained of shortness of breath in March

3

2009, which demonstrates that her shortness of breath has lasted over two years.  Plaintiff also argues that ALJ's failure to discuss the respiratory listing is reversible error.

The listings of impairments (listings) describe, for each of the major body systems, medical findings which are considered severe enough that they represent impairments which presumptively prevent a person from performing any gainful activity.  20 C.F.R. Pt. 404, Subpt. P, App.1.   At step 3 of the evaluative sequence, the ALJ is required to compare the medical evidence to the listings contained in the regulations and to discuss the evidence and the reasons for determining that Plaintiff is not disabled at step three.  *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996).  All of the specified medical criteria must be matched to meet a listing.  An impairment that manifests only some of the criteria, no matter how severely, does not qualify.  *Sullivan v. Zebley*, 493 U.S. 521, 531, 110 S.Ct. 885, 891, 107 L.Ed.2d 967 (1988).   Furthermore, it is Plaintiff's burden to show that his impairment is equivalent to a listing.   *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).

Listing §3.02B requires:  "[c]hronic restrictive ventilatory disease, due to any cause, with the FVC equal to or less than" 1.45 for a person of Plaintiff's height, 64 inches.  20 C.F.R. Pt. 404, subpt. P, App. 1, §3.02B.  The record reflects that on May 9, 2011, Plaintiff complained of shortness of breath.  [R. 471].  Chest x-rays were taken and a pulmonary function test was performed.   The radiologist reported an [u]nremarkable radiographic evaluation of the chest."  [R. 474].   The pulmonary function test on which Plaintiff relies reflects an FVC score of 1.44.  [R. 473].  The ALJ did not evaluate the FVC score in conjunction with listing §3.02B, but had this to say about the FVC score:

4

> The claimant's allegations of knee weakness and a low pulmonary function test are considered not medically determinable.
>
> *     *     *
>
> In May 2011, the claimant had a low pulmonary function study, but no diagnosis was given and bronchodilator did not help. Poor lung function of unspecified etiology.  Recent finding may or may not last one year.  Exhibit 23F.

[R. 25].  Although the ALJ's consideration of the FVC score could have been less cryptic, the court finds that the ALJ did not err in failing to evaluate the score in connection with listing §3.02B.  The court further finds that the ALJ's conclusion that the alleged lung function problem was non-severe at step two is supported by substantial evidence.

The medical record does not reflect that Plaintiff's shortness of breath met the one year durational requirement for an impairment.  The evidence which Plaintiff argues establishes two years of shortness of breath is not in the medical record, but is a Function Report Questionnaire which Plaintiff completed on March 10, 2009.  On that form Plaintiff mentioned shortness of breath, walking conditions, and stress as inhibiting her ability to get around.  [R. 194].  Plaintiff's statement is not medical evidence which will satisfy the requirements of a listing.  As far as the medical record goes, Plaintiff complained of shortness of breath at a February 23, 2009 doctor visit, [R. 276], but not at a March 23, 2009 visit, [R. 274], and when Plaintiff presented for a consultative examination on May 5, 2009, she denied shortness of breath.  [R. 281].

Aside from the duration of Plaintiff's complaints of shortness of breath, Plaintiff's pulmonary function test does not meet the requirements necessary to establish listing level severity.  Listing §3.00 E, specifies the documentation required for pulmonary function testing used to establish listing level severity. The FVC score "should represent the largest

of at least three satisfactory forced expiratory maneuvers."   On its face, Plaintiff's pulmonary function test fails to meet this requirement as the report bears the following information:  "Caution: No Acceptable Maneuvers – Interpret with Care." [R. 473].  Listing § 3.00E also states that "[a] statement should be made in the pulmonary function test report of the individual's ability to understand directions as well as his or her effort and cooperation in performing the pulmonary function tests."  Plaintiff's test report does not contain such a statement, rather for Plaintiff's baseline test, the session quality is rated "D", for her post bronchodilator test, the session quality is rated "F."  Further, listing 3.02B requires a diagnosis of chronic restrictive ventilatory disease.  The ALJ accurately noted that no diagnosis was given in connection with the low pulmonary function test.  The court notes that there is no diagnosis in the record of chronic restrictive ventilatory disease. Since the sole test result upon which Plaintiff relies for her claim that she meets a listing does not meet the documentation specifications contained in the listing and since there is no diagnosis of restrictive ventilatory disease, the court finds no error in the ALJ's failure to discuss listing 3.02B.

To the extent it can be argued that it was error for the ALJ to have failed to analyze the pulmonary function test in light of listing §3.02B, the court finds that the error was harmless.   Considering the factors discussed herein, the court is confident that no reasonable administrative factfinder analyzing the pulmonary function test in the context of the requirements of listing §3.02B could have resolved the disability decision in any other way.  *See Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004)(reversal not required where certain technical errors are minor enough not to undermine confidence in the determination of the case).

6

In light of the absence of any pulmonary diagnosis, the testing report's caution that there were no acceptable maneuvers in the test, and the session quality grades of D and F, the court finds that the ALJ's conclusion that Plaintiff's low pulmonary function test was "not medically determinable" is supported by substantial evidence.

<u>Evaluation of Medical and Other Source Opinion Evidence</u>

During the pendency of Plaintiff's case and after she had undergone a consultative examination, on July 30, 2009 Plaintiff was involved in a car accident.  Plaintiff was sent for a second physical consultative examination.  Dr. Subramaniam Krishnamurthi examined Plaintiff on August 16, 2010 and rendered an opinion that Plaintiff was severely limited in her ability to perform work-related activities.  [R. 427-435].  Dr. Phillip McCowen reviewed Plaintiff's medical records and testified as a medical expert at the July 19, 2011 hearing. Dr. McCowen testified that he did not agree with Dr. Krishnamurthi's opinion and that the medical record does not support Dr. Krishnamurthi's limitations.  In the decision the ALJ thoroughly summarized the medical record, including Dr. Krishnamurthi's findings and Dr. McCowen's testimony and made the following conclusion:

> As for the opinion evidence provided by Dr. Krishnamurthi, the Administrative Law Judge gives no weight to this opinion, as it contrasts sharply with the other evidence of record specifically other examining or consultative medical experts (Exhibit 3F), testimony of the medical expert at the hearing, and radiological evidence (Exhibit 8F, 9F, and 18F), and therefore renders it less persuasive.   Dr. Krishnamurthi's residual functional capacity seems totally based on subjective complaints.

[R. 30].

Plaintiff argues that the ALJ failed to properly consider Dr. Krishnamurthi's opinion. According to Plaintiff, the ALJ erroneously accepted the medical expert's opinion without

explaining what weight he gave that opinion or how he derived that weight.  Plaintiff also asserts that the medical record contains physical findings that were not discussed by the medical expert.

The court finds no error in the ALJ's reliance on the opinion of the medical expert, Dr. McCowen, or the rejection of Dr. Krishnamurthi's opinion.

Dr. Krishnamurthi opined that Plaintiff required the use of a cane.  Dr. McCowen testified that the medical records do not support Plaintiff's need for a cane or other restrictions contained in Dr. Krishnamurthi's report.  [R. 51].  Dr. McCowen testified that, contrary to Dr. Krishnamurthi's opinion, there was no documentation for arthritis per x-ray or lab work. [R. 48].  It was Dr. McCowen's opinion that the MRI showing a 3 millimeter bulge in Plaintiff's lumbar spine would not account for the limitations Dr. Krishnamurthi found.  [R. 55].  He testified that although Plaintiff complains of burning in her feet, neurological examinations have been normal.  [R. 49].  The ALJ noted Dr. McCowen's testimony, the radiological evidence, the lack of support in the record for the severe limitations contained in Dr. Krishnamurthi's opinion, and the inconsistency of Dr. Krishnamurthi's opinion with the other examining or consultative medical experts in arriving at the decision to give no weight to Dr. Krishnamurthi's opinion.  [R. 29, 30].

The court finds that it was appropriate for the ALJ to obtain the testimony of a medical expert to determine whether Dr. Krishnamurthi's limitations are supported by the medical record.  The court finds that the ALJ appropriately explained the reasons for his decision to give no weight to Dr. Krishnamurthi's opinion and that the reasons are supported by substantial evidence.  There is no merit to Plaintiff's contention that the ALJ failed to explain what weight he gave Dr. McCowen's opinion.  It is obvious from the text

8

of the decision that the ALJ accepted Dr. McCowen's opinion.   There is no merit to Plaintiff's suggestion that it is error for the ALJ to credit a non-examining expert's opinion such as Dr. McCowen over that of a consultative examiner such as Dr. Krishnamurthi.  The ALJ fully explained that Dr. Krishnamurthi's opinion was out of line with the remainder of the medical evidence.  The ALJ's explanation is sufficient to enable the court to follow the ALJ's reasoning.

Plaintiff's brief suggests that the ALJ erred in accepting the medical expert's testimony because the medical expert failed to address some of the findings in the record. Contrary to Plaintiff's suggestion, neither the ALJ nor the medical expert were required to mention every finding present in the record.  The ALJ did not ignore the instances where reduced range of motion and pain were noted in the record as those are mentioned in the decision.  [R. 28, 29].  Although Plaintiff has highlighted evidence which may support her position, the existence of such evidence does not require remand.  "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004).  The court may not "displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo."  *Id.  See also*, *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

<u>Credibility Determination</u>

"Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial

9

evidence and not just a conclusion in the guise of findings." *Hackett v. Barnhart,* 395 F.3d 1168, 1173 (10th Cir. 2005)(citation, brackets, and internal quotation marks omitted).  The ALJ cited numerous grounds, tied to the evidence, for the credibility finding, including: Plaintiff's inconsistent statements concerning physical limitations;  physical complaints that do not coincide with her medical  records; statements regarding her alleged arthritis that are inconsistent with the medical evidence; and lack of functional restrictions by treating physicians. [R. 29-30].  The ALJ thus properly linked his credibility finding to the record, therefore, the undersigned finds no reason to deviate from the general rule to accord deference to the ALJ's credibility determination.

Plaintiff also argues that the ALJ erred in his use of stock boilerplate language.  The Tenth Circuit has made it clear that in the absence of a more thorough analysis, the use of boilerplate language is not sufficient to support an ALJ's credibility determination.  The Tenth Circuit has made it equally clear that when the ALJ provides specific reasons for his credibility determination and links the credibility determination to the evidence, the presence of boilerplate language will not require remand.  *Cf. Boehm v. Astrue,* 2013 WL 541067 at *2 (10th Cir. 2013).  Moreover, the Tenth Circuit "precedent 'does not require a formalistic factor-by-factor recitation of the evidence so long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility.'" *Poppa v. Astrue*, 569 F.3d 1167, 1171 (10th Cir. 2009) (quoting *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000)) (ellipsis and brackets omitted).

**Conclusion**

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts.  The court further finds there is substantial evidence in the record to support the ALJ's decision.  Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 14th day of January, 2014.

*Frank H. McCarthy*

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE